[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO OPEN NONSUIT
This case has endured a tortuous procedural history. Though almost two years old, the pleadings have not been closed. The delay has been caused by a combination of factors, including a willingness to invoke dilatory pleadings and rather inexplicable gaps in responsiveness. The history of the immediate dispute may be summarized as follows.
The original complaint was dated September 27, 1995. After a request to revise the complaint was filed, the plaintiff filed a revised complaint dated March 5, 1996. A motion to strike virtually all the counts of the revised complaint was filed in June, 1996, and an objection to that motion was filed in August, 1996. In September, 1996, the court granted the motion to strike because the plaintiff failed to appear at argument. Claiming that he never received notice of the court hearing, the plaintiff moved to reconsider the granting of the motion. The motion to reconsider was granted without serious objection by the defendant, and on January 7, 1997, the court issued a ruling which ordered stricken the eighth, ninth and tenth counts. The court also ordered that an amended complaint be filed with an appropriate demand for relief The plaintiff did not "plead over" pursuant to § 157 of the Practice Book.
By motion dated February 9, 1997, the defendant moved for a nonsuit, primarily on the ground that the plaintiff had not filed an amended complaint, as ordered by the court, although the plaintiff had filed a "statement of amount in demand" earlier in February. The plaintiff opposed the motion for nonsuit, apparently on the ground that he didn't want to prejudice his appellate rights concerning the stricken counts. By memorandum of decision filed in court on March 7, 1997, the court briefly discussed the difficulties inherent in the "pleading over" situation and ordered that a nonsuit enter unless a substitute complaint were filed no later than March 15, 1997.
As it turned out, March 15 was a Saturday, so the plaintiff effectively had until March 17 to file the substitute pleading. The plaintiff did not file a pleading until March 18, 1997. This pleading, styled "First Amended Complaint", included revised CT Page 9565 editions of the counts which had been stricken back in January. The defendant objected to the filing of this version of the complaint, primarily on the ground that a nonsuit had entered prior to the filing of the "First Amended Complaint" by virtue of the plaintiff's not having filed the amended complaint on time. The court sustained the objection, and indicated that a motion to open the nonsuit had to be filed prior to any additional pleading. For an unknown reason, notice of the ruling was not sent until June 4, 1997. On June 17, the plaintiff filed a motion to set aside the nonsuit, and suggested, as a reason for the late filing of the amended complaint, that he received the notice concerning the necessity of filing on or before March 15 rather late in the week prior to March 15, and mailed the amended pleading to court on March 15. Not surprisingly, the pleading was not received until Tuesday, March 18. The defendant has strenuously objected to the proposed setting aside of the nonsuit, and refers to § 377 of the Practice Book, along with §52-212 of the General Statutes, and case law promulgated thereunder, for the proposition that negligence is not a proper ground for the reopening of a judgment of nonsuit. The defendant also suggests that the plaintiff's case has no merit.[1]
I have reviewed the full file in this case and the authority presented by both sides, and find the issues troubling. On the one hand, most of the counts of the complaint were never stricken and in fact survived vigorous attack by the defendant: it would be plausible to argue that once the plaintiff had missed the 15 day pleading over requirement of § 157 of the Practice Book, those counts were automatically eliminated and the defendant could simply respond to the remaining counts in a responsive pleading; additionally, it could have been argued, though perhaps not overwhelmingly persuasively, that the "Statement of Amount in Demand" dated February 6, 1997, satisfied the order regarding the requirement that an amended complaint be filed, as the defect to be remedied at that point was the absence of an effective claim for relief As most of the complaint was never stricken, and thus there was no obligation to replead as to much of the complaint, it might seem somewhat disproportionate to end the entire case. On the other hand, the order of the court regarding the filing of a substitute complaint by March 15 was not ambiguous, and by the plaintiff's own statements it seems clear that he was not "prevented by mistake [or] accident. . ."[2] from filing on time. Whether there was "reasonable cause" is another matter.
It is quite clear that rulings on motions to open brought CT Page 9566 pursuant to § 377 of the Practice Book and § 52-212 of the General Statutes lie largely within the discretion of the trial court. Eastern Elevator Co. v. Scalzi, 193 Conn. 128, 131-32
(1984); Manchester State Bank v. Reale, 172 Conn. 520, 523-24
(1977). Though not without great hesitation, and based in large part on the ground that there was no cogent reason advanced not to deliver the pleading to the clerk's office on March 17, as well as a consideration of the prior history of this case, I will deny the motion to open the nonsuit.
Beach, J.